IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| YVETTE LABOSSIERE and ANTHONY MOMPEROUSSE,<br><br>           Plaintiffs,<br><br>     v.<br><br>PHH MORTGAGE CORPORATION d/b/a COLDWELL BANKER MORTGAGE, et. al.,<br><br>           Defendants. | Civil No. 18-12719 (RMB/KMW)<br><br>**ORDER TO SHOW CAUSE** |

    Three pending motions in the above-captioned case, filed August 13, 2018, were administratively terminated on August 28, 2019, pending the disposition of Judge Kugler's Order to Show Cause in Civil Action No. 18-12259. (See Order [Docket Item 14].) On September 23, 2019, Judge Kugler enjoined Plaintiffs' counsel, Joshua Louis Thomas, Esq., from filing any further complaint, lawsuit, or petition in this District without prior leave of Court. (See Amended Order [Docket Item 35] in Civil No. 18-12259.) On October 30, 2019, in a separate case, the undersigned sanctioned Mr. Thomas for failure to adequately investigate the merits of his client's case and the viability of his client's claims before commencing the suit in federal court, as required by Fed. R. Civ. P. 11. (See Order [Docket Item 33] in Civil No. 18-8311.)

The motions that the Court administratively terminated on August 28, 2019 consisted of two motions to dismiss filed by the various defendants in this case and one motion filed by Mr. Thomas that he apparently intended to have serve as both an opposition brief to the two motions to dismiss and as a motion for leave to amend the complaint in this case. (See Motion to Dismiss [Docket Item 5]; Motion to Dismiss [Docket Item 8]; Motion to Amend [Docket Item 9].) The Court notes that, insofar as Mr. Thomas' sought to style his motion to amend as simultaneously opposing the two motions to dismiss, his filing was extremely late. The first motion to dismiss was filed on September 6, 2018, (see Motion to Dismiss [Docket Item 5]), therefore, pursuant to Local Civil Rule 78.1(a), any opposition papers were due by no later than September 17, 2019. The second motion to dismiss was filed on September 28, 2018, (see Motion to Dismiss [Docket Item 8]), therefore, pursuant to Local Civil Rule 78.1(a), any opposition papers were due by no later than October 22, 2019. Mr Thomas filed Plaintiffs' motion to amend and opposition papers to the motions to dismiss on November 5, 2018, without having requested or received leave of Court for such a late filing. Additionally, the motion to amend is entirely deficient under the requirements of the Local Civil Rules. Local Civil Rule 15.1 states, in relevant part, that

> a party who seeks leave to amend a pleading
> shall do so by motion, which shall state

>> whether such motion is opposed, and shall attach to the motion:
>
>> (1) a copy of the proposed amended pleading; and
>
>> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added.

L.Civ.R. 15.1(a). Mr. Thomas' motion to amend does not indicate whether the motion is opposed; it does not include a copy of the proposed amended complaint; and it does not include a form of the proposed amended complaint indicating in what respect or respects the proposed amendment differs from the original complaint. (See Motion to Amend [Docket Item 9].)

In light of the foregoing Orders, and in light of the nature of the previously-pending motions which have been administratively terminated, and for good cause shown;

IT IS this **7th** day of **November** 2019, hereby

**ORDERED** that, within 14 days of the date of this Order, Attorney Thomas shall **SHOW CAUSE** by written submission filed on the docket why this Court should not dismiss without prejudice some, or all, of the 17 various claims asserted against the 4 Defendants named in the 65-page Complaint for failure to comply with the Federal Rules of Civil Procedure, specifically including, but not necessarily limited to Fed. R. Civ. P. 8(a)(1)-(2)

(requiring "short and plain statement[s]" in pleadings); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."); Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud"); and Fed. R. Civ. P. 11(b) (requiring reasonable pre-suit investigation of the facts and evaluation of the legal viability of claims)[1]; and it is further

**ORDERED that failure to timely respond to this Order will likely result in the dismissal of this case and / or the imposition of additional appropriate sanctions.**

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

---

[1] See also, Fed. R. Civ. P. 12(f)(1) (allowing the Court to *sua sponte* "strike from a pleading . . . any redundant, immaterial, impertinent or scandalous matter."); see generally, Fed. R. Civ. P. 1 (the Rules "should be . . . employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action").