# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

YVETTE LABOSSIERE and
ANTHONY MOMPEROUSSE,

        Plaintiffs,

      v.

PHH MORTGAGE CORPORATION,
*et al.*,

        Defendants.

Civil No. 18-12719 (RMB/MJS)


**OPINION**

**APPEARANCES**
Joshua Louis Thomas
Joshua L. Thomas & Associates
225 Wilmington West Chester Pike, Suite 200
Chadds Ford, PA 19317

     *On behalf of Plaintiffs*

Salvatore Carollo
Stern & Eisenberg, PC
1040 North Kings Highway, Suite 407
Cherry Hill, New Jersey 08034

     *On behalf of Defendant PHH Mortgage Corporation, d/b/a Coldwell Banker Mortgage*

Adam Jason Friedman
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004

     *On behalf of Defendants Selene Finance LP, Bluewater Investment Holdings, LLC, and U.S. Bank National Association*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Court's repeated Orders to Show Cause [Docket Nos. 15, 19, 28, 30, 32]; Plaintiffs' responses thereto [Docket Nos. 18, 23, 29, 39]; Defendants' related filings [Docket Nos. 26, 27, 31, 40, 41]; as well as Defendants' repeated, unsolicited calls to this Court's Chambers inquiring as to the status of this Court's decision. The Court's Orders have revolved around this matter's similarities to Plaintiffs' state-court foreclosure proceeding. [*See* Docket Nos. 15, 29, 28, 30, 32.] Most recently, the state court denied Plaintiffs' appeal in its entirety. [*See* Docket No. 31, at 2.] This case mirrors countless other cases brought in this Circuit by Plaintiffs' Counsel Joshua Louis Thomas.

This Court will not expend limited judicial resources to conduct an exhaustive analysis of claims that have been brought when all it has received from Plaintiffs is a faulty overview of Entire Controversy law; the Court does not need a superficial law school class. Instead, the Court will rely heavily on previous decisions in this District dismissing near-identical complaints filed by Thomas.

Plaintiffs' Complaint alleges the following causes of action:

- violation of the New Jersey Civil Racketeer Influenced and Corrupt Organizations Act ("RICO," (N.J.S.A. § 2C:41-1 *et seq.*);
- violation of the Federal Civil RICO (18 U.S.C. § 1962(c));
- violation of the New Jersey Consumer Fraud Act ("NJCFA," N.J.S.A. § 56:8-2);
- violation of the Federal Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692);
- violation of the Federal Fair Credit Reporting Act ("FCRA," 15 U.S.C. § 1681);
- unjust enrichment;

2

- negligent misrepresentation;
- fraudulent concealment;
- constructive fraud;
- civil aiding and abetting fraud;
- willful and wanton gross negligence;
- civil conspiracy to defraud;
- unlawful conversion;
- breach of contract;
- defamation;
- violation of the Truth in Lending Act ("TILA," 15 U.S.C. § 1639b(c));
- violation of the Real Estate Settlement Procedure Act ("RESPA," 12 U.S.C. § 2605);
- quiet title; and
- declaratory relief (N.J.S.A. § 3B:28-3, 3.1)

[Docket No. 1, ¶¶ 67–167.]

The Court notes that Plaintiffs' Complaint in this case is little more than a copy-paste job of numerous other complaints filed by Thomas. *See, e.g.*, *Trudnos v. Strada*, No. 19-5846, 2021 U.S. Dist. LEXIS 163593, at *2–3 (D.N.J. Aug. 30, 2021) (Cecchi, J.) ("This case arises out of a prior state court foreclosure action . . . . While Plaintiff's Complaint consists of disjointed counts and conclusory factual allegations concerning Defendants' purported violations, he appears to assert claims under: 42 U.S.C. § 1987; 18 U.S.C. §§ 241–42; 18 U.S.C. §§ 1964, 1968; N.J.S.A. § 2C:20-3; N.J.S.A. § 2C:30-2; N.J.S.A. § 2A:3-3, 39-2; N.J.S.A. § 2C:15-1; New Jersey Constitution Article I, §§ 1, 7; 18 U.S.C. § 1962; 42 U.S.C. § 1983; and 42 U.S.C. § 1985(3)."); *Keyes v. Nationstar Mortg., LLC*, No. 20-2649, 2020 U.S. Dist. LEXIS 191958, at *1 (D.N.J. Oct. 15, 2020) (Hillman, J.) ("This matter arises out of a 2015 foreclosure action in New Jersey state court."); *Jones v. Bank of Am., N.A.*, No. 19-

8959, 2020 U.S. Dist. LEXIS 67610, at *1 (D.N.J. Apr. 17, 2020) (Kugler, J.) ("This suit arises from a foreclosure of Plaintiffs' residence . . . ."); *Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 U.S. Dist. LEXIS 17856, at *1 (D.N.J. Jan. 31, 2020) (Wolfson, C.J.) (dismissing the complaint, stemming from a mortgage foreclosure action, seeking declaratory relief, alleging violations of Federal RICO, FDCPA, RESPA, TILA, New Jersey RICO, and NJCFA; and alleging state law claims of fraud, unjust enrichment, negligent representation, fraudulent concealment, constructive fraud, civil aiding and abetting fraud; willful and wanton gross negligence; civil conspiracy to defraud; unlawful conversion, defamation, harassment, and quiet title, among others); *Hood v. Vict. Crossing Townhouse Ass'n*, No. 18-12259, 2019 U.S. Dist. LEXIS 124449 (D.N.J. July 25, 2019) (Kugler, J.) (dismissing FCRA and other claims); *Drake v. Wells Fargo Bank, N.A.*, Case No. 16-8797, Docket No. 50 (D.N.J. Nov. 26, 2019) (Arleo, J.); *Wohlers v. Deutsche Bank Nat'l Trust Co.*, No. 18-2632, 2019 U.S. Dist. LEXIS 127237, at *1–2 (dismissing a complaint that alleged: "(1) RICO violations; (2) violations of the New Jersey Consumer Fraud Act ("NJCFA"); (3) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"); (4) unjust enrichment; (5) negligent misrepresentation; (6) unclean hands; (7) fraudulent concealment; (8) constructive fraud; (9) civil aiding and abetting fraud; (10) willful and wanton gross negligence; (11) civil conspiracy to defraud; (12) unlawful conversion; (13) breach of contract; (14) defamation; (15) violations of Truth in Lending Act ("TILA") and RESPA; and (16) quiet title");

*Damiani v. Fargo*, No. 16-8484, 2018 U.S. Dist. LEXIS 60548, at *7–9 (D.N.J. Apr.

10, 2018) (Sheridan, J.) (dismissing a complaint in its entirety in a case brought by

Thomas).[1]

The courts in all of the above-cited cases—and numerous others—dismissed in

their entireties the complaints filed by Thomas. *See, e.g.*, *Trudnos*, 2021 U.S. Dist.

LEXIS 163593, at *5–13; *Keyes*, 2020 U.S. Dist. LEXIS 191958, at *14–25; *Jones*,

2020 U.S. Dist. LEXIS 67610, at *5–12; *Ezell*, 2020 U.S. Dist. LEXIS 17856, at *9–

23; *Hood*, 2019 U.S. Dist. LEXIS 124449, at *10–25; *Drake*, Case No. 16-8797,

Docket No. 50, at 3–9; *Wohlers*, 2019 U.S. Dist. LEXIS 127237, at *12–18; *Damiani*,

2018 U.S. Dist. LEXIS 60548, at *9–23.

Instructive here is the Honorable Freda L. Wolfson's Opinion in *Ezell*, as the

complaint in that case alleged all of the claims that Plaintiffs' allege here, except for

the FCRA and breach of contract claims. *See Ezell*, 2020 U.S. Dist. LEXIS 17856, at

*1. In that case, the Court dismissed the plaintiffs' complaint in its entirety. *Id.* at

*22. In its reasoned opinion, the Court ruled that the plaintiffs' Federal RICO and

FDCPA claims were barred by the *Rooker-Feldman* doctrine and that the remaining

federal claims were untimely. *Id.* at 10–20. The Court then declined to exercise

supplemental jurisdiction over the remaining claims. *Id.* at 20–22. This Court agrees

---

[1] *See also Hood*, 2019 U.S. Dist. LEXIS 124449, at *8 n.5 (listing twelve cases as
evidence of Thomas's "well-documented history of filing virtually identical claims in
the foreclosure context barred by either the *Rooker-Feldman* doctrine or the New Jesey
entire controversy [doctrine] or both in the District of New Jersey and the Eastern
District of Pennsylvania").

with the *Ezell* Court's reasoning with respect to the Federal RICO and FDCPA claims, and therefore rules that they are barred by *Rooker-Feldman*.

Similarly, in *Wohlers*, the Honorable Brian R. Martinotti described the plaintiffs' RESPA and TILA claims as "an implicit and indirect attack on the Foreclosure Action," rendering them barred by *Rooker-Feldman*. 2019 U.S. Dist. LEXIS 127237, at *16–17. "Irrespective of how the Plaintiffs label their claims or how they attempt to disguise their opposition or Amended Complaint," the Court continued, "their Amended Complaint is clearly the prototypical *Rooker-Feldman* situation—a case brought by a state-court loser complaining of injuries caused by the Foreclosure Action rendered before this Court['s] proceedings commenced and asking the district court to review, reject, and nullify those judgments." *Id.* at 17. As above, this Court adopts the reasoning expressed in *Wohlers* and will hold that Plaintiffs' RESPA and TILA claims are also barred by *Rooker-Feldman*.

Plaintiffs' lone remaining federal claim, then, is their FCRA claim. As in *Hood*, Plaintiffs' FCRA claim here "is little more than a recitation of the FCRA's statutory provisions." *See* 2019 U.S. Dist. LEXIS 124449, at *22–23. To the extent Plaintiffs seek to bring this action pursuant to 15 U.S.C. § 1681s-2(a), they are precluded from doing so because that statute may only be enforced by the United States Government. *See id.* at 23. Otherwise,

> "[t]he only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information" is 15 U.S.C. § 1681s-2(B). However, actions alleging a furnisher's violation of 15 U.S.C. § 1681s-2(b) are also limited. Such liability can only be triggered

6

> when the furnisher receives notice pursuant to § 1681i(a)(2), which
> requires that the notice come from the consumer reporting agency, not
> the consumer.

*Id.* (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011))

(citing *Seamans v. Temple Univ.*, 744 F.3d 853, 867 n.11 (3d Cir. 2014)). Plaintiffs

cannot assert that claim here, either, because they "do not allege that (a) they sent

notice of dispute to the consumer reporting agencies, (b) that the consumer reporting

agencies notified [Defendants] of the dispute, of (c) that [Defendants] failed to follow

the required investigation procedure to verify the inaccuracy of the information." *See*

*Damiani*, 2018 U.S. Dist. LEXIS 60548, at *20–21. Therefore, as in *Damiani*, *Hood*,

and other cases, this Court will dismiss Plaintiffs' FCRA claim for failure to state a

claim upon which relief can be granted.

Plaintiffs' remaining claims are brought under New Jersey law. Plaintiffs'

claim for declaratory relief asks this Court to declare void the state court's final

judgment, meaning that the claim is "unquestionably barred by New Jersey's entire

controversy doctrine." *See Keyes*, 2020 U.S. Dist. LEXIS 191958, at *28. As to the

remaining state law claims, this Court adopts the reasoning in *Wohlers*, which held

that the exact same state law claims were barred by *Rooker-Feldman*. *See* 2019 U.S.

Dist. LEXIS 127237, at *6, *12–18 (listing the state law claims and dismissing all but

one claim that is not relevant to this matter). Therefore, the Court will also dismiss

those claims.[2]

       In conclusion, the Court will dismiss Plaintiffs' entire Complaint. An accompanying Order shall issue.

| April 7, 2022 | s/Renée Marie Bumb |
| --- | --- |
| Date | Renée Marie Bumb |
| | United States District Judge |

---

[2] Even if the Court did not dismiss the remaining state law claims, it would decline to exercise supplemental jurisdiction over them. *See, e.g.*, *Ezell*, 2020 U.S. Dist. LEXIS 17856, at *20–22.